UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EUGENE CORNELL THOMAS., | ) | Case No.4:11-cr-0011-TWP-MGN |
| | ) | |
| Defendant. | ) | |

## ENTRY AND ORDER OF DETENTION PENDING TRIAL

### I. SUMMARY

The defendant, Eugene Cornell Thomas ("Mr. Thomas"), is charged by an Indictment returned by the Grand Jury on June 6, 2011, with the following offenses: four counts of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and two counts of Distribution of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On May 17, 2011, at the initial appearance held before Magistrate Judge Michael G. Naville, the United States filed a written motion and moved for detention pursuant to 18 U.S.C. §§3142(e), (f)(1)(A),(f)(1)(E), and (f)(2)(A), on the grounds that Mr. Thomas was charged with a crime of violence, an offense involving the use or possession of a firearm; therefore, it is presumed that no condition or combination of conditions would reasonably assure the appearance of Mr. Thomas and the safety of the community. Further, the government alleged that, if released, there is a serious risk Mr. Thomas would flee.

After consulting with his attorney, Mr. Thomas knowingly and intelligently waived his right to a preliminary hearing and a detention hearing. Consequently, an Order of Detention was

entered by the Court. On October 11, 2011 Mr. Thomas filed a Motion for Review of Detention Order Pursuant to 18 U.S.C. §§ 3145 (b). On October 27, 2011 the Court granted Mr. Thomas' request for a detention hearing as required by law and the detention hearing was held on November 4, 2011.

The United States appeared by Barry D. Glickman, Assistant United States Attorney. Mr. Thomas appeared in person and by his counsel, Henry M. Burt. At the hearing both sides proffered evidence to the Court. The charge in the Indictment raises the presumptions that there is no condition or combination of conditions of release which will reasonably assure the safety of the community or that Mr. Thomas would not be a serious risk to flee if released.

Based on the evidence proffered at the detention hearing the defendant did not rebut the presumption that he is a serious risk of flight and danger to the community. Additionally, the government proved by a preponderance of the evidence that the defendant is a serious risk of flight if released and clear and convincing evidence that the defendant is a danger to the community. Consequently, the defendant was ordered detained.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Mr. Thomas is charged by an Indictment returned by the Grand Jury on June 6, 2011, with the following offenses: four counts of Unlawful Possession of a Firearm by a Convicted Felon in violation of 18, United States Code, Section §§922(g)(1) and two counts of Distribution of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

2. The Court takes judicial notice of the Indictment and the pleadings filed in this case. The Court further incorporates the proffers of evidence admitted during the detention hearing.

3. At the detention hearing, both sides presented evidence by witnesses.

4. Based on the Indictment and the evidence presented at hearing, the Court finds there is probable cause for the offense Mr. Thomas is charged with, and the rebuttable presumptions arise that Mr. Thomas is a serious risk of flight and a danger to the community. Title 18, United States Code, Section 3142(e).

5. The Pre-Trial Services Reports ("PS3") regarding Mr. Thomas on the issue of his release or detention was admitted into evidence and has been considered by the Court. Mr. Thomas has at least two (2) prior felony convictions: a 2001 conviction of Theft and Fraudulent Use of Credit Cards, and a 2008 conviction of Theft; both in Jefferson County, Kentucky. On September 9, 2010, after his release from prison, Mr. Thomas was placed on parole supervision. He currently has an open warrant for his arrest relating to the alleged parole violations for failure to pay restitution and leaving the Commonwealth of Kentucky without permission of his parole officer.

6. The evidence at the detention hearing demonstrates that in April 2011, Mr. Thomas, a Kentucky resident, traveled to Indiana to sell firearms and marijuana in Indiana. Mr. Thomas admits that he was a convicted felon who was currently on parole in the Commonwealth of Kentucky. On April 25, 2011, a confidential informant ("CI") placed a recorded telephone call to Mr. Thomas to confirm that he had the 9mm pistol and marijuana to sell to the CI. Mr. Thomas called the CI back and told him/her to meet him at "the spot". On April 25, 2011, Mr. Thomas supplied an undercover Indiana State Police employee with a loaded 9mm Davis Industries Derringer and two baggies of marijuana in exchange for $530.00 in cash.

7.     On May 9, 2011, Mr. Thomas told the CI that he had an assault rifle and two ounces of marijuana in his possession that he was willing to sell to the CI. Mr. Thomas stated to the CI that he was willing to sell the assault rifle for $320.00 and the marijuana for $140.00 per ounce. On May 9, 2011, the CI met with Mr. Thomas in Floyd County, Indiana, at which time Mr. Thomas supplied the CI with two baggies containing marijuana and a gun case containing a semi-automatic rifle. The CI, in turn, provided the cash to Mr. Thomas in exchange for the firearm and marijuana.

8.     On May 16, 2011, the CI and Mr. Thomas met again in Floyd County, Indiana, at which time Mr. Thomas supplied the CI with a Hi-Point 9mm semi-automatic rifle and a Taurus 40 caliber semi-automatic pistol. The CI provided Mr. Thomas with $900.00.

9.     Mr. Thomas gave a post-*Miranda* statement wherein he admitted to acquiring marijuana and firearms in Kentucky and then admitted that he sold the firearms and marijuana to individuals in Indiana. Mr. Thomas also said that he was on parole in Kentucky when he sold the firearms and marijuana in Indiana and that he was "trying to get an extra dollar".

10.    At the detention hearing, Mr. Thomas again admitted that while on parole, he traveled to Indiana and sold marijuana and firearms to a CI.

11.    Tracy Goins, Mr. Thomas' parole officer from the Commonwealth of Kentucky, testified that Mr. Thomas was on parole on the dates of April 25, 2011, May 9, 2011 and May 16, 2011; the times when he committed the offenses in this instant case. Parole Officer Goins also noted that Mr. Thomas violated the conditions of his parole by traveling from Kentucky to Indiana.

12. To rebut the presumption, Mr. Thomas presented evidence that he has a place to live in Louisville, Kentucky with his mother; he has been drug free since 2004, he had employment prior to his detainment; he was never hostile or violent when he presented to the parole office and he was honorably discharged from the United States Army in 1978. Mr. Thomas also proffered that he may assert the defense of entrapment.

13. Based on the evidence proffered at the detention hearing, Mr. Thomas did not rebut the presumption that he is a risk of flight and that he is a danger to the community. Additionally, the government proved by a preponderance of the evidence that Mr. Thomas is a serious risk of flight if released and by clear and convincing evidence that he is a danger to the community. Therefore, Eugene Cornell Thomas is **ORDERED DETAINED**.

14. When a motion for pretrial detention is made, the court engages in a two-step analysis: first, the judicial officer determines whether one of ten conditions exists for considering a defendant for pretrial detention; second, after a hearing, the judicial officer determines whether the standard for pretrial detention is met. United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

15. A defendant may be considered for pretrial detention in only ten circumstances: when a case involves one of eight types of offenses or two types of risks. A defendant is eligible for detention upon motion by the United States in cases involving (1) a crime of violence, (2) a violation of 18 U.S.C. § 1591; (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; (4) an offense for which the maximum sentence is life imprisonment or death, (5) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, the

Controlled Substances Import and Export Act, or chapter 705 of Title 46 (maritime drug law enforcement); (6) any felony where the defendant has two or more federal convictions for the above offenses, two or more state or local convictions for identical offenses, or a combination of such offenses; (7) any felony that is otherwise not a crime of violence that involves a minor victim or that involves the possession or use of a firearm, destructive device, or any other dangerous weapon; or (8) any felony that involves a failure to register under 18 U.S.C. § 2250 (sex offender and crimes against children registry). 18 U.S.C. § 3142(f)(1)(A) - (E). A defendant is also eligible for detention upon motion by the United States or the Court *sua sponte*, in cases involving (1) a serious risk that the person will flee or (2) a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2). *United States v. Sloan*, 820 F.Supp. 1133, 1135-36 (S.D. Ind. 1993). The existence of any of these ten conditions triggers the detention hearing which is a prerequisite for an order of pretrial detention. 18 U.S.C. § 3142(e). The judicial officer determines the existence of these conditions by a preponderance of the evidence. *Friedman,* 837 F.2d at 49. *See United States v. DeBeir*, 16 F.Supp.2d 592, 595 (D. Md. 1998) (serious risk of flight); *United States v. Carter*, 996 F.Supp. 260, 265 (W.D. N.Y. 1998) (same).

16. In this case, the United States moved for detention on grounds that Mr. Thomas is charged in the criminal complaint and indictment with a crime of violence and an offense involving the use or possession of a firearm and, therefore, pursuant to 18 U.S.C.§ 3142 (e), it is presumed that no condition or combination of conditions will reasonably assure the appearance of Mr. Thomas and involves a serious risk that Mr. Thomas will flee if released as provided by

18 U.S.C. § 3 142(f)(2)(A). The Court finds that the United States has adequately proven the existence of these bases.

17. Further, if it is determined that a defendant qualifies under any of the eight conditions of §3142(f), the court may order a defendant detained before trial if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. §3142(e).

18. Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). With respect to reasonably assuring the appearance of the defendant, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985); *United States v. Himler*, 797 F.2d 156, 161 (3rd Cir. 1986); United *States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir.), *cert. denied*, 479 U.S. 841, 107 S.Ct. 148, 93 L.E.d2d 89 (1986); *Fortna*, 769 F.2d at 250; *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2nd Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985); *United States v. Liebowitz*, 652 F.Supp. 591, 596 (N.D. Ind. 1987).

19. With respect to reasonably assuring the safety of any other person and the community, the United States bears the burden of proving its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739, 742, 107 S.Ct. 2095, 2099, 95 L.Ed.2d 697 (1987); *Portes*, 786 F.2d at 764; *Orta*, 760 F.2d at 891 & n. 18; *Leibowitz*, 652 F.Supp. at 596; *United States v. Knight*, 636 F.Supp. 1462, 1465 (S.D. Fla. 1986). Clear and convincing evidence is something more than a preponderance of the evidence but less than proof

beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 43 1-33, 99 S.Ct. 1804, 1812-13, 60 L.Ed.2d 323 (1979).

20. The standard for pretrial detention is "reasonable assurance"; a court may not order pretrial detention because there is no condition or combination of conditions which would guarantee the defendant's appearance or the safety of the community. *Portes*, 786 F.2d at 764 n. 7; *Fortna*, 769 F.2d at 250; *Orta*, 760 F.2d at 89 1-92.

21. A rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of any other person and the community arises when the judicial officer finds that there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 3142(e).

22. This presumption creates a burden of production upon a defendant, not a burden of persuasion: the defendant must produce a basis for believing that he will appear as required and will not pose a danger to the community. Although most rebuttable presumptions disappear when any evidence is presented in opposition, a § 3142(e) presumption is not such a "bursting bubble". *Portes*, 786 F.2d at 765; *United States v. Jessup*, 757 F.2d 378, 383 (1st Cir. 1985). Therefore, when a defendant has rebutted a presumption by producing some evidence contrary to it, a judge should still give weight to Congress' finding and direction that repeat offenders involved in crimes of violence or drug trafficking, as a general rule, pose special risks of flight and dangers to the community. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (presumption of dangerousness); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); Jessup, 757 F.2d at 383.

23. With respect to Mr. Thomas, the Court has found the presumptions arise in this case and have not been rebutted.

24. The Court has considered the evidence presented on the issue of release or detention and weighed both in accordance with the factors set forth in 18 U.S.C. § 3 142(g) and the legal standards set forth above. Among the factors considered both on the issue of flight and dangerousness to the community are the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings. 18 U.S.C. § 3142(g)(3)(A). The presences of community ties and related ties have been found to have no correlation with the issue of safety of the community. *United States v. Delker*, 757 F.2d 1390, 1396 (3rd Cir. 1985); S.Rep. No. 98-225, 98th Cong., 1st Sess. at 24, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3207-08.

25. In this regard, the Court finds and concludes that the evidence in this case demonstrates the following:

    A. Mr. Thomas is charged with four counts of Unlawful Possession of a Firearm by a Convicted Felon in violation of Title18, United States Code, Section 922(g)(1) and two counts of Distribution of Marijuana in violation of Title 21 U.S.C. §§ 841(a)(1) and 846. Because the offenses involve a firearm, the nature and circumstances of the offenses charged weigh in favor of detention. Title 18, United States Code, Section 3142 (g)( 1).

B. Mr. Thomas has been indicted by the Grand Jury, he has given a post-*Miranda* confession and admits at the hearing that he sold marijuana and guns in Indiana while on parole in the Commonwealth of Kentucky. The weight of the evidence is strong and favors detention. Title 18, United States Code, Section 3142 (g)(2).

C. The four firearms offenses that Mr. Thomas is charged with in the Indictment constitute crimes of violence. Therefore, the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community applies to Mr. Thomas.

D. Additionally, the fact that Mr. Thomas was on parole at the time of the charged offense and that he violated the conditions of parole by traveling from Kentucky to Indiana demonstrates the inability of this defendant to comply with conditions of release or supervision by imposed by a Court. Thus, Mr. Thomas' criminal history and the nature and seriousness of the danger to the community that would be posed by Mr. Thomas' release weighs in favor of detention. Title 18, United States Code, Section 3142 (g)(3) and (4).

26. The Court having weighed the evidence regarding the factors found in 18 U.S.C. §3142(g), and based upon the totality of the evidence set forth above, finds that if Mr. Thomas had rebutted the presumptions in favor of detention, he nevertheless would be detained, because the government has proven by more than a preponderance of the evidence that Mr. Thomas is a serious risk of flight if released and by clear and convincing evidence that the defendant is a danger to the community.

WHEREFORE, Mr. Eugene Cornell Thomas is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. He shall be afforded a reasonable opportunity for private consultation with defense counsel. Upon order of this Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Thomas to the United States Marshal for the purpose of an appearance in connection with the Court proceeding.

The matter remains set for trial on January 23, 2012.

SO ORDERED.

Dated: 11/07/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

Henry M. Burt
HENRY BURT, ATTORNEY
burtm5@insightbb.com

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov